IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY D. POWELL,                :

    Plaintiff,               :

vs.                               :
                                CIVIL ACTION 09-0015-M

MICHAEL J. ASTRUE,                :
Commissioner of
Social Security,                  :

    Defendant.               :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was heard on June 25, 2009. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED**, and that this action be **REMANDED** for further proceedings not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-nine years old, had completed a high school education (Tr. 37), and had previous work experience as a welder (Tr. 42). In claiming benefits, Plaintiff alleges disability due to chronic obstructive pulmonary disease (COPD), chronic sinusitis, hypertension, lower back pain/strain, GERD, hypertriglyceremia, and Hepatitis C (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on September 12, 2006 (Tr. 107-15). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform his past relevant work, Powell was capable of performing the physical requirements of light work (Tr. 10-20). Plaintiff requested review of the hearing decision (Tr. 4-6) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Powell alleges the single claim that the ALJ failed to call a vocational expert (hereinafter *VE*) to testify as to the specific jobs he was capable of performing (Doc. 13).  Defendant has responded to—and denies—this claim (Doc. 14).

In his decision, the ALJ found that Plaintiff had no severe mental impairments as they caused no more than mild limitations (Tr. 13).  The ALJ then went on to find that Powell can perform the "full range of light work"[1] though he was "restricted from climbing ropes, ladders, and scaffolds and he should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc., and hazards such as machinery, heights, etc." (Tr. 14).  The environment limitations were placed on Plaintiff because of his COPD (Tr. 18).  The ALJ then determined that Powell was unable to perform his past relevant work as a welder (Tr. 19).

The Court notes that once it was determined that the

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b)(2008).

Plaintiff was incapable of performing his past work, the Secretary was required to show that the claimant was able to perform other substantial gainful work existing in the national economy. *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975). "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert." *Cowart*, 662 F.2d at 736. While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." *Id*. "A general finding that a claimant is able to perform the requirements of [light] work activity is insufficient to demonstrate that the Secretary has met his burden of showing that claimant retains residual capacity to work." *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988), *citing Cowart*, 662 F.2d at 736.

The Court finds that the ALJ's decision is not supported by substantial evidence. Though the ALJ found that Powell could perform a full range of light work, he also placed physical—as well as non-exertional—restrictions on what he could do (Tr. 14). Though Plaintiff can likely perform light work, the Court cannot say, based on the ALJ's decision, what specific jobs he can perform. The ALJ should have called a VE to testify as to the

specific jobs Powell can do.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of vocational evidence as to the specific jobs which Powell can perform. Judgment will be entered by separate Order.

DONE this 29th day of June, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE